# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY G. PHILPOT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MANSION AMERICA, LLC )<br>OAK RIDGE BOYS THEATER )<br>)<br>Defendant. | Civil Action No.<br>1:14-cv-1357 TWP-DML |

## BRIEF IN SUPPORT OF DEFENDANT MANSION AMERICA, LLC'S MOTION TO DISMISS

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................................1

II.    STANDARD OF REVIEW ....................................................................................................1

III.   MANSION AMERICA IS NOT SUBJECT TO PERSONAL JURISDICTION IN INDIANA ...............................................................................................................................3

IV.   CONCLUSION ......................................................................................................................4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*be2 LLC v. Ivanov*,
   642 F.3d 555 (7th Cir. 2011) ...................................................................................3, 4

*Bell v. Kirchner*,
   2014 U.S. Dist. LEXIS 29483 (S.D. Ind. Mar. 7, 2014) .........................................2

*Board of Trustees, Sheet Metal Workers' National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031 (7th Cir. 2000).............................................................................1

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) .................................................................................................2

*Claus v. Mize*,
   317 F.3d 725 (7th Cir. 2003) ...................................................................................1

*Felland v. Clifton*,
   682 F.3d 665 (7th Cir. 2012) ...................................................................................2

*Hyatt Int'l Corp. v. Coco*,
   302 F.3d 707 (7th Cir. 2002) ...................................................................................2

*Ill. v. Hemi Grp., LLC*,
   622 F.3d 754 (7th Cir. 2010) ...................................................................................3

*International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310 (1945) ..................................................1

*Sensory Techs., LLC v. Sensory Tech. Consultants, Inc.*,
   2013 U.S. Dist. LEXIS 132551 (S.D. Ind. Sept. 17, 2013).....................................2

*Williams v. REP Corp.*,
   302 F.3d 660 (7th Cir. 2002) ...................................................................................3

**Rules**

Fed. R. Civ. Pro. 12(b)(2)...................................................................................................1, 4

Ind. T.R. 4.4(A) ..................................................................................................................2, 3

22178048v2

Defendant Mansion America, LLC ("Mansion America") respectfully submits its arguments and law in support of Mansion America's Motion to Dismiss the Plaintiff, Larry G. Philpot's ("Plaintiff") Complaint under Federal Rule of Civil Procedure 12(b)(2) and states as follows:

I.   INTRODUCTION

Plaintiff has improperly attempted to sue Mansion America in this District, which lacks personal jurisdiction over Mansion America.  Mansion America has not engaged and does not engage in any business in Indiana.  Mansion America does not have an office or employees in Indiana, Mansion America is not registered to do business in Indiana nor does it advertise in Indiana.  Mansion America does not sell any products in Indiana nor has Mansion America injured the Plaintiff in Indiana.  In fact, Mansion America is no longer affiliated with the Oak Ridge Boys Theater as alleged in Plaintiff's Complaint, and did not own or operate the Theater at the time the alleged infringement occurred.

II.   STANDARD OF REVIEW

The Plaintiff bears the burden of showing that personal jurisdiction exists over the Defendant.  *Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003).  The due-process clauses of the Fifth and Fourteenth Amendments to the United States Constitution limit courts' exercises of extra-territorial jurisdiction to only those defendants who have enough minimum contacts with the sovereign that created the court such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.  *See International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316, (1945), *Board of Trustees, Sheet Metal Workers' National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035-37 (7th Cir. 2000).  The general principle is that there must be "some act by which the

1

defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Bell v. Kirchner,* 2014 U.S. Dist. LEXIS 29483 (S.D. Ind. Mar. 7, 2014) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, (1985)). The due-process clause of the Fourteenth Amendment limits the reach of states' extra-territorial or "long-arm" jurisdiction to defendants who have enough minimum contacts with the state that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. *Sensory Techs., LLC v. Sensory Tech. Consultants, Inc.,* 2013 U.S. Dist. LEXIS 132551, 7-8 (S.D. Ind. Sept. 17, 2013). Such purposeful availment is required to ensure that defendants may reasonably anticipate what conduct will subject them to the jurisdiction of a foreign sovereign. *Burger King*, 471 U.S. at 472.

Personal jurisdiction may be either specific or general, but only specific jurisdiction needs to be considered here, as no facts are alleged to support general jurisdiction. Specific jurisdiction exists "for controversies that arise out of or are related to the defendant's forum contacts." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Indiana's long-arm, or extra-territorial, jurisdiction is defined by its procedural rule, Indiana Trial Rule 4.4(A). The inquiry of whether Indiana's long-arm statute is satisfied,

> may be condensed to three essential requirements: (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.

*Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (internal citations omitted). A defendant cannot be brought into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King.* 471 U.S. at 475.

Cases involving the internet protect remote defendants from unlimited personal jurisdiction based solely on being online. The Seventh Circuit has warned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not hauled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive." *be2 LLC v. Ivanov,* 642 F.3d 555, 558 (7th Cir. 2011) (quoting *Ill. v. Hemi Grp., LLC*, 622 F.3d 754, 760 (7th Cir. 2010)). A defendant must in some way target the forum state's market. *Id.* "If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be hauled into court in that state without offending the Constitution." *Id.*

III.     MANSION AMERICA IS NOT SUBJECT TO PERSONAL JURISDICTION IN INDIANA

Whether personal jurisdiction exists over Mansion America in this Cause depends on whether (1) Mansion America conducted business in Indiana or purposefully directed its activities at the state, (2) Ind. T.R. 4.4(A) is satisfied and the alleged injury arose from Mansion America's forum-related activities; (3) Mansion America has the contacts with Indiana required by due process, and (4) the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. See *Williams v. REP Corp.,* 302 F.3d 660, 666 (7th Cir. 2002). None of these elements of jurisdiction can be satisfied in this case, Plaintiff is not able to assert jurisdiction over Mansion America.

Mansion America is an active limited liability company registered and in good standing with the state of Missouri. (See Pine Affidavit attached as Exhibit A). Mansion America is not registered to conduct business in Indiana. *Id.* Mansion America has not and does not conduct

3

business in Indiana. *Id.* Mansion America does not sell products, advertise or have any connections to Indiana. *Id.* Mansion America has not owned the Oak Ridge Boys Theater since August 14, 2007 and has not operated the Oak Ridge Boys Theater since December 31, 2012. *Id.* Mansion America has not and does not have any ownership or control over the theater or its business operations. *Id.* Therefore, Mansion America does not control the internet content of the Oak Ridge Boys Theater's internet website or social media internet content. *Id.* Without the ability to control the internet sites associated with the theater, Mansion America did not have the ability or opportunity to post the alleged copyrighted photo on behalf of Oak Ridge Boys Theater. Regardless, placing content on the internet would not result a finding that Mansion America has engaged in business or advertised in the state of Indiana. *b2 LLC,* 642 F.3d 555, 558. Without conducting any business in Indiana, or purposefully directing any activities at the state, Plaintiff cannot establish personal jurisdiction over Mansion America. Without any contacts with Indiana, without the ability to injure the Plaintiff as alleged in Plaintiff's Complaint, and without any affiliation with the alleged infringing theater, traditional notions of fair play and substantial justice would be offended to allow Plaintiff jurisdiction over Mansion America in this case.

IV.   CONCLUSION

   For all the reasons set forth above Mansion America respectfully requests this Court grant its Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. Pro. 12(b)(2).

   WHEREFORE, Mansion America hereby requests the Court grant Mansion America's Motion to Dismiss based upon the argument and law put forth in Mansion America's brief in support of its Motion to Dismiss.

4

Dated: October 1, 2014          LATHROP & GAGE LLP

By:    /s/ S. Russell Headrick
      S. Russell Headrick IN# 2950
      RHeadrick@LathropGage.com
      2345 Grand Boulevard, Suite 2200
      Kansas City, Missouri  64108-2618
      Telephone:     816.292.2000
      Telecopier:     816.292.2001

      David R. Barnard (KS#47127)
      *Pro Hac Vice forthcoming*
      DBarnard@LathropGage.com
      2345 Grand Boulevard, Suite 2200
      Kansas City, Missouri  64108-2618
      Telephone:     816.292.2000
      Telecopier:     816.292.2001

      Jessie L. Pellant (CO#42096)
      *Pro Hac Vice forthcoming*
      JPellant@LathropGage.com
      950 Seventeenth St., Suite 2400
      Denver, Colorado 80202
      Telephone:  720-931-3200

      Attorneys for Defendant Mansion
      America, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2014, a copy of the foregoing Brief in Support of Defendant Mansion America LLC's Motion to Dismiss was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

I further certify that on October 1, 2014, a copy of the foregoing Brief in Support of Defendant Mansion America LLC's Motion to Dismiss was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

Larry G. Philpot
8125 Halyard Way
Indianapolis, IN 46236
*Pro Se Plaintiff*

                                          /s/ S. Russell Headrick
                                          S. Russell Headrick
                                          2345 Grand Blvd., Suite 2200
                                          Kansas City, MO 64108
                                          rheadrick@lathropgage.com
                                          Tel: (816)292-2000
                                          Fax: (816)292-2001