UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARRY G. PHILPOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-01357-TWP-DML |
| | ) | |
| MANSION AMERICA, LLC, and | ) | |
| OAK RIDGE BOYS THEATER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(2) by Defendant Mansion America, LLC ("Mansion America") (Filing No. 12). Plaintiff Larry G. Philpot ("Mr. Philpot") initiated this action, asserting various copyright claims against Mansion America and co-defendant Oak Ridge Boys Theater for alleged copyright violations involving a photograph of musician Willie Nelson taken and copyrighted by Mr. Philpot. Mansion America moved to dismiss Mr. Philpot's Complaint based on lack of personal jurisdiction. For the following reasons, the Court **GRANTS** the Motion to Dismiss.

**I.     LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint where there is a "lack of personal jurisdiction" over the defendant. Fed. R. Civ. P. 12(b)(2). When deciding a 12(b)(2) motion, the Court accepts the factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff if they weigh on the issue of personal jurisdiction. *Int'l Medical Group, Inc. v. American Arbitration Ass'n*, 149 F. Supp. 2d 615, 623 (S.D. Ind. 2001). But where a complaint consists of conclusory allegations unsupported by factual assertions, the complaint fails even under the liberal standard of Rule 12(b). *Id.*

When considering a motion to dismiss for lack of personal jurisdiction, the Court examines the sufficiency of the complaint, not the merits of the lawsuit. *Id.* The complaint does not need to include factual allegations concerning personal jurisdiction, but if the defendant moves to dismiss the action under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The court may consider affidavits and all other documentary evidence that have been filed, and any conflicts must be resolved in favor of the plaintiff as the non-moving party. *Int'l Medical Group*, 149 F. Supp. 2d at 623.

The level of the plaintiff's burden to show personal jurisdiction depends on whether an evidentiary hearing has been held. *Purdue Research*, 338 F.3d at 782. Where a hearing has been conducted, the plaintiff must show by a preponderance of the evidence that personal jurisdiction exists. *Id.* Where no hearing is conducted and the motion to dismiss is decided solely on written materials, the plaintiff must establish a *prima facie* case that personal jurisdiction exists. *Id.*

"If jurisdiction is exercised on the basis of a federal statute that does not authorize nationwide service of process, the law requires a federal district court to determine if a court of the state in which it sits would have personal jurisdiction."[1] *Annie Oakley Enters. v. Sunset Tan Corporate & Consulting, LLC*, 703 F. Supp. 2d 881, 886 (N.D. Ind. 2010) (citing *United States v. Martinez De Ortiz*, 910 F.2d 376, 381 (7th Cir. 1990)). Indiana Trial Rule 4.4(A), Indiana's long-arm statute, governs personal jurisdiction in Indiana. "Although Rule 4.4(A) enumerates eight bases for the assertion of jurisdiction on the basis of a defendant's actions, the rule also includes a

---

[1] The federal statute serving as the basis for this litigation, the Copyright Act, does not authorize nationwide service of process or govern personal jurisdiction. *Novelty, Inc. v. RCB Distrib.*, 2008 U.S. Dist. LEXIS 52443, *10 (S.D. Ind. July 9, 2008) ("Congress did not create national service of process under the Lanham Act or the Copyright Act."); *see also Lighthouse Carwash Sys., LLC v. Illuminator Bldg. Co., LLC*, 2004 U.S. Dist. LEXIS 21666, *6 n.4 (S.D. Ind. Aug. 31, 2004). Therefore, determining personal jurisdiction in this case is governed by Indiana law.

provision that 'a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.'" *Id.* (internal citation omitted). Thus, a court has personal jurisdiction to the limit allowed by the Federal Due Process Clause of the Fourteenth Amendment. *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 966–67 (Ind. 2006).

For a court to have personal jurisdiction over a defendant, the Due Process Clause requires that the defendant have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)).

Under federal due process standards, personal jurisdiction can be either specific or general. *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1244 (7th Cir. 1990). "If the defendant's contacts with the state are so 'continuous and systematic' that the defendant should reasonably anticipate being haled into the courts of that state for any matter, then the defendant is subject to general jurisdiction." *LinkAmerica*, 857 N.E.2d at 967. "If the defendant's contacts with the forum state are not 'continuous and systematic,' specific jurisdiction may be asserted if the controversy is related to or arises out of the defendant's contacts with the forum state." *Id.* "Specific jurisdiction requires that the defendant purposefully availed itself of the privilege of conducting activities within the forum state so that the defendant reasonably anticipates being haled into court there." *Id.*

In other words, specific jurisdiction exists when a defendant has deliberately directed its activities toward the forum's residents, and the cause of action results from alleged injuries that arise out of or relate to those activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472

3

(1985). In *Burger King*, the Supreme Court explained the "constitutional touchstone" of "minimum contacts" for personal jurisdiction:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. . . . [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
>
> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the unilateral activity of another party or a third person. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a "substantial connection" with the forum State. Thus where the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

*Id.* at 474–76 (internal citations, quotation marks, and footnote omitted).

The Seventh Circuit has provided additional guidance for cases involving the internet and online activity.

> Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is interactive. Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market. If the defendant merely operates a website, even a highly interactive website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution.

*be2 LLC v. Ivanov*, 642 F.3d 555, 558–59 (7th Cir. 2011) (citations and quotation marks omitted).

## II.  **BACKGROUND**

Mr. Philpot is a professional photographer who lives in Indianapolis, Indiana, and works with concert events across the country. Most of Mr. Philpot's work involves musicians and

4

concerts, and he licenses his photographs to various end users. On October 4, 2009, Mr. Philpot took a photograph of Willie Nelson while he was performing in St. Louis, Missouri. Mr. Philpot secured a copyright for this photograph through the United States Copyright Office approximately three years later on September 5, 2012. Before securing the copyright, Mr. Philpot published the photograph on the internet on May 31, 2011.

On April 30, 2013, a copy of Mr. Philpot's photograph of Willie Nelson with the caption "Happy 80th Birthday -- Willie Nelson!" appeared on Oak Ridge Boys Theater's Facebook fan page without any attribution to Mr. Philpot. Posting a copy of the photograph on the Facebook page caused it to be available for viewing and further copying by approximately 19,000 people. Individual "fans" of the Facebook page have shared the copy of the photograph from the Facebook page approximately 440 times. Mr. Philpot discovered the copy of his photograph on the Facebook page in February 2014. Mansion America and Oak Ridge Boys Theater did not pay for a license to reproduce the photograph, so Mr. Philpot issued a cease and desist letter to them on May 8, 2014. After the Defendants refused to remove the photograph or pay for a license, Mr. Philpot initiated this lawsuit.

### III.  DISCUSSION

Mansion America is an active limited liability company that is registered and in good standing with the state of Missouri. Mansion America is not registered to do business in the state of Indiana. Mansion America has not conducted business in Indiana. It does not currently conduct business in Indiana ([Filing No. 13 at 6](Filing No. 13 at 6)). Further, Mansion America does not have an office or employees in the state of Indiana. It does not sell products, advertise, or have any other connections to Indiana ([Filing No. 13 at 7](Filing No. 13 at 7)).

Mansion America explains that it has not owned Oak Ridge Boys Theater since August 14, 2007, and has not operated Oak Ridge Boys Theater since December 31, 2012. It has not and does not have any ownership or control over Oak Ridge Boys Theater or its business operations, and it does not control the internet content of Oak Ridge Boys Theater's website or social media internet content. *Id.*

Based on these facts, Mansion America argues that, without the ability to control the websites associated with Oak Ridge Boys Theater, it did not have the ability or opportunity to post the alleged copyrighted photograph on behalf of Oak Ridge Boys Theater. Mansion America further argues that simply placing content on the internet cannot result in a finding that Mansion America has engaged in activity that establishes minimum contacts with the state of Indiana, relying on *be2 LLC*, 642 F.3d at 558–59. Without conducting any business in Indiana or purposefully directing any activities at the state of Indiana, personal jurisdiction cannot be established over Mansion America. Mansion America explains that, without any contacts with Indiana, without the ability to injure Mr. Philpot as alleged in his Complaint, and without any affiliation with the alleged infringing Oak Ridge Boys Theater, traditional notions of fair play and substantial justice would be offended if Mr. Philpot were allowed to establish personal jurisdiction over Mansion America (Filing No. 13 at 7).

In response to Mansion America's Motion to Dismiss, on October 14, 2014, Mr. Philpot requested leave to conduct discovery to assist him in responding to the Motion (Filing No. 14). The Court granted leave to Mr. Philpot to conduct limited discovery (Filing No. 16). The Court specifically ordered:

> Mr. Philpot's response to Mansion America's motion to dismiss must be filed no later than 14 days after service by Mansion America of its discovery responses (and documents if requested) or the completion of defendant's deposition if one has been scheduled. Mansion America's reply brief must be filed within seven days after

>service of Mr. Philpot's response. If Mr. Philpot has not served any written discovery by October 29, 2014, the defendant must notify the court and the court will then set a date certain for Mr. Philpot's response to the motion to dismiss.

(Filing No. 16 at 2.)  On December 19, 2014, Mr. Philpot filed a motion for leave to amend his Complaint.  In that motion, Mr. Philpot explained that he was seeking to amend his Complaint to add additional parties to this action based on Mansion America's "recent discovery responses." (Filing No. 17 at 1.)  Such representation provides the Court with a point of reference by which Mr. Philpot should have filed a response brief to Mansion America's Motion to Dismiss.  The Court's Order provided Mr. Philpot fourteen days after service of Mansion America's discovery responses to file a response brief.  Mansion America served its discovery responses at the latest on December 19, 2014, but most likely before that date.  Therefore, Mr. Philpot's response brief to the Motion to Dismiss was due no later than January 2, 2015.  Mr. Philpot has failed to respond to Mansion America's Motion to Dismiss.

Mr. Philpot has provided no facts, evidence, or allegations to dispute Mansion America's Motion to Dismiss.  The pleadings do not provide sufficient allegations to establish personal jurisdiction over Mansion America.  Because Mansion America does not conduct business in Indiana, is not registered to do business in Indiana, has no employees or offices in Indiana, and did not own or operate Oak Ridge Boys Theater during the time relevant to this action, Mansion America cannot be said to have purposefully availed itself of the privilege of conducting activities within Indiana to be able to invoke the benefits and protections of its laws.  Mansion America has no "continuous and systematic" contact with Indiana, and it has not deliberately directed its activities toward Indiana's residents.  This Court lacks personal jurisdiction over Mansion America.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Mansion America's Motion to Dismiss (Filing No. 12). This action will proceed without Mansion America as a defendant.

**SO ORDERED.**

Date: 8/7/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Larry G. Philpot
8125 Halyard Way, 1st Floor
Indianapolis, Indiana  46236

S. Russell Headrick
LATHROP GAGE LLP
rheadrick@lathropgage.com