UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY G. PHILPOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-01357-TWP-DML |
| ) | |
| OAK RIDGE BOYS THEATER, ) | |
| OAK RIDGE BOYS, INC., ) | |
| LARRY WILHITE, ) | |
| BIG TIME PRODUCTIONS, LLC, ) | |
| DANIEL WILHITE, and DOES 1-3, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON MOTION TO TRANSFER VENUE

This matter is before the Court on Plaintiff Larry G. Philpot's ("Philpot") Motion to Transfer Venue pursuant to 28 U.S.C. § 1406(a) (Filing No. 42). Philpot initiated this action, asserting various copyright claims against Defendants Oak Ridge Boys Theater, Oak Ridge Boys, Inc., Larry Wilhite, Big Time Productions, LLC, and Daniel Wilhite (collectively "Defendants"). Philpot alleged copyright violations involving a photograph of Willie Nelson that he had taken and copyrighted. The Defendants moved to dismiss Philpot's complaint based on lack of personal jurisdiction. (Filing No. 37). In response, Philpot filed his Motion to Transfer Venue. For the following reasons, the Court **GRANTS** the Motion.

## I.  BACKGROUND

Philpot is a professional photographer who lives in Indianapolis, Indiana, and works with concert events across the country. Most of Philpot's work involves musicians and concerts, and he licenses his photographs to various end users. On October 4, 2009, Philpot took a photograph of Willie Nelson while he was performing in St. Louis, Missouri. Philpot secured a copyright for

this photograph through the United States Copyright Office approximately three years later on September 5, 2012. Before securing the copyright, Philpot published the photograph on the internet on May 31, 2011.

On April 30, 2013, a copy of Philpot's photograph of Willie Nelson with the caption "Happy 80th Birthday -- Willie Nelson!" appeared on Oak Ridge Boys Theater's Facebook fan page without any attribution to Philpot. Posting a copy of the photograph on the Facebook page caused it to be available for viewing and further copying by approximately 19,000 people. Individual "fans" of the Facebook page have shared the copy of the photograph from the Facebook page approximately 440 times. Philpot discovered the unlicensed copy of his photograph on the Facebook page in February 2014. After issuing a cease and desist letter, Philpot initiated this lawsuit in August 2014.

On October 30, 2015, Defendants filed a Motion to Dismiss Philpot's complaint based on lack of personal jurisdiction. Defendants explained that Defendant Big Time Productions, LLC is a Missouri limited liability company doing business as Defendant Oak Ridge Boys Theater in Branson, Missouri ([Filing No. 38 at 3](Filing No. 38 at 3)).

Defendant Oak Ridge Boys, Inc. is a country and gospel vocal quartet incorporated in Tennessee and headquartered in Hendersonville, Tennessee. Each member of the Oak Ridge Boys resides in Tennessee. The vocal group frequently performs at the Oak Ridge Boys Theater in Branson, Missouri. The Oak Ridge Boys performs at various venues across the country, including in Indiana and Missouri. The Oak Ridge Boys has granted a non-exclusive license to Big Time Productions to operate the Oak Ridge Boys Theater using the name "Oak Ridge Boys". This license was granted for no monetary compensation but in consideration of the vocal group's frequent performances at the theatre in Missouri ([Filing No. 38 at 4](Filing No. 38 at 4)).

Defendant Larry Wilhite is a Missouri resident and Big Time Productions' owner and registered agent. He is the general manager of the Oak Ridge Boys Theater (Filing No. 38 at 5). Defendant Daniel Wilhite also is a Missouri resident. He previously was a manager at Mansion America, Big Time Productions' predecessor. He occasionally provided lawn care services to Big Time Productions in 2013 but is otherwise not connected to Big Time Productions. *Id.*

On November 18, 2015, Philpot filed his Motion to Transfer Venue, requesting the Court transfer his case to the Middle District of Tennessee or to the "most convenient District Court in Missouri" rather than dismiss his case (Filing No. 42 at 1–2).

## II.   LEGAL STANDARD

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

> Under 28 U.S.C. § 1406(a), a district court may transfer a case brought in the wrong division or district if it is in the interest of justice to do so. A district court must dismiss such a suit if it denies the transfer. However, personal jurisdiction over the defendant is not a prerequisite for district courts to utilize the transfer provision in § 1406(a).

*Hapaniewski v. Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989) (citations and quotation marks omitted). "The weighing of factors for and against transfer involves a large degree of subtlety and latitude and is committed to the sound discretion of the trial court." *Dickerson v. United States*, 2015 U.S. Dist. LEXIS 102344, at *2 (S.D. Ind. Aug. 5, 2015) (citing *Hapaniewski*, 883 F.2d at 579).

In considering the "interest of justice" to transfer a case, a district court may consider such things as the efficient administration of the court system and a forum closer to the action. *See id.* at *4. Transfer may be more appropriate than dismissal when considering the interest of justice

where a plaintiff accidentally files suit in the wrong district and the statute of limitations has since run. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962); *Cote v. Wadel*, 796 F.2d 981, 984–85 (7th Cir. 1986).

In this copyright case, the Court also considers 28 U.S.C. § 1400(a), which states, "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." "[S]ection 1400(a)'s 'may be found' clause traditionally has been equated with where a defendant is amenable to personal jurisdiction." *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 447 n.12 (7th Cir. 1993).

### III.  DISCUSSION

Philpot acknowledges that none of the Defendants reside in and none may not be found in the Southern District of Indiana, thereby conceding that this district is an improper venue.  In responding to Defendants' Motion to Dismiss for lack of personal jurisdiction, Philpot filed his Motion to Transfer Venue and asked the Court to transfer his case to the Middle District of Tennessee or to the Western District of Missouri.  He explains that Tennessee is the home of the Oak Ridge Boys, and the other defendants have contractual ties to the Oak Ridge Boys by using their registered trademark. Philpot also asserts that the Middle District of Tennessee is approximately half the distance from Indianapolis (Philpot's location) as the Western District of Missouri.  Thus, out of convenience for himself, he requests transfer to the Middle District of Tennessee.  He alternatively asks for transfer to the Western District of Missouri.  Philpot argues that, in the interest of justice, he should be given some leeway for filing in the wrong venue because he is a *pro se* litigant, and transfer is more appropriate than dismissal.

Responding to Philpot's Motion to Transfer Venue, Defendants assert that dismissal is the only appropriate course of action for the Court to take because Philpot cannot demonstrate that his lawsuit "could have been brought" in either the Middle District of Tennessee or the Western District of Missouri, quoting 28 U.S.C. § 1406(a).  Defendants argue that there is no evidence that the Middle District of Tennessee has jurisdiction over the Missouri defendants, and there is no evidence that the Western District of Missouri has jurisdiction over the Tennessee defendant.  Thus, Philpot offers no proper forum for transfer.  Additionally, Defendants argue that the interest of justice will not be served by transferring the case to a different district because Philpot simply can refile his case in the proper court after dismissal.

Defendants Big Time Productions, LLC, Oak Ridge Boys Theater, Larry Wilhite, and Daniel Wilhite "reside" in and "may be found" in the Western District of Missouri.  However, there is no indication that they reside in or may be found in Tennessee.  While Defendant Oak Ridge Boys, Inc. is incorporated and headquartered in Tennessee, the vocal group frequently performs at the Oak Ridge Boys Theater in Branson, Missouri, within the Western District of Missouri.  Further, Oak Ridge Boys, Inc. has granted a non-exclusive license to operate the Oak Ridge Boys Theater using the name "Oak Ridge Boys" in the Western District of Missouri.  As Defendants acknowledge, this license was granted for no monetary compensation but in consideration of the vocal group's frequent performances at the theatre in Missouri.

Missouri's long-arm statute provides for personal jurisdiction over an individual or corporation who does any specifically enumerated act from which a cause of action arises.  The enumerated acts include, the "transaction of any business within this state, . . . making of any contract within this state, . . . commission of a tortious act within this state, [or] . . . ownership, use, or possession of any real estate situated in this state." Missouri Ann. Stat. § 506.500.  Based

on the Oak Ridge Boys, Inc.'s frequent performances at the Oak Ridge Boys Theater within the Western District of Missouri, its business transactions there, and its contractual license there, the Court is satisfied that personal jurisdiction could be exercised over Defendant Oak Ridge Boys, Inc. in the Western District of Missouri.

Considering the "interest of justice" to transfer the case, the Court looks at the efficient administration of the court system, a forum closer to the action, and whether the statute of limitations has run. When Defendants filed their response brief opposing transfer in December 2015, they asserted,

> The most commonly-cited circumstance in which transfer serves the interest of justice is when the plaintiff's claim would be time-barred if he were forced to re-file after a dismissal. *See, e.g., Farmer v. Levenson*, 79 F. App'x 918, 922–23 (7th Cir. 2003) (finding that the interests of justice may require transfer rather than dismissal if the plaintiff mistakenly filed suit in the wrong district and the statute of limitations has since run). But that is not a concern here given that Plaintiff's purported copyright claims against Defendants accrued no earlier than April 30, 2013, when the photograph at issue was allegedly posted on BigTime's Facebook page. (*See* Am. Compl. ¶ 37). The three-year limitations period on Plaintiff's claims therefore will not expire until April 30, 2016, at the earliest. *See* 17 U.S.C. § 507(b). Thus, not only does Plaintiff express a desire to pursue Defendants "even if it is across the U.S.," but he has ample time in which to do so and file his claims anew in the proper forum following dismissal.

(Filing No. 43 at 11.) The April 30, 2016 date has since come and gone, and thus, the statute of limitations issue favors transfer rather than dismissal. Further, Defendants are located in the Western District of Missouri. Counsel for Defendants are located in the Western District of Missouri. It appears that the alleged copyright infringement occurred in the Western District of Missouri. The Court determines that it is in the interest of justice to transfer this case to the Western District of Missouri.

## IV. CONCLUSION

For the reasons stated above, Philpot's Motion to Transfer Venue ([Filing No. 42](#)) is **GRANTED**, and this case shall be transferred to the Western District of Missouri. The Clerk is directed to transfer this matter to the Western District of Missouri. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction ([Filing No. 37](#)) is **DENIED AS MOOT**.

**SO ORDERED.**

Date: 5/24/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Larry G. Philpot
8125 Halyard Way, 1st Floor
Indianapolis, Indiana 46236

David R. Barnard
LATHROP & GAGE LLP
dbarnard@lathropgage.com

Luke M. Meriwether
LATHROP & GAGE LLP
lmeriwether@lathropgage.com

S. Russell Headrick
LATHROP & GAGE LLP
rheadrick@lathropgage.com